Dawes *vs.* Thomas.—1846.

---

Edward Dawes *vs.* Evan Thomas.—*December* 1846.

By the act of 1840, ch. 109, sales made and reported during the recess of the county courts, by any trustee, under their decree, on being filed in their clerk's office, shall stand for final ratification, *provided* there be entered on the docket, a notice of motion for final ratification, to be given or published in such form as the rules of said courts may respectively prescribe. The rule of *M.* county court ordered, *that such notice*, at least one month before final ratification, be served upon all the parties therein, or published, &c. A notice was entered on the 16th May. Service admitted by the complainant on the 18th; and given to the defendant on the 1st June. On the 2nd July, the sale was ratified. HELD, that the act and rule were strictly complied with.

Where the decree for a sale ordered the appointed trustee to give bond in the penalty of a prescribed sum; he gave bond for a less sum, which was accepted by the court and approved, and he proceeded to make and report a sale, this is no ground to vacate an order of final ratification.

In sales, under decree by trustees, appointed by the court for that object, the court is regarded as the vendor, with whom the contract of sale is made, through the agency of the trustee. The penalty of the trustee's bond rests

in the discretion of the court, and may be enlarged or diminished, according to the circumstances of the case.

A decree cannot be altered, after it has been enrolled, except by a bill of review.

Where a decree is still under the control of the court, if the term has not passed, it may be reheard upon petition.

These rules relate only to the decree, so far as it acts upon the subject of the bill, and have no application to that part of the decree, which is merely directory, as to the mode in which it is to be enforced.

Appeal from the Equity side of *Montgomery* county court.

On the 7th March 1842, the appellee filed his bill against the appellant, in relation to a sale of land made by him, in 1832, to the appellant, of which the latter took possession. The credits having expired, the purchase money being unpaid, the purchaser being greatly embarrassed, having no other property than that in question, and the appellee's writs at law against him being returned *non est.*, he prayed for a sale of the land, enforcement of the vendor's lien, &c. The defendant consented to a decree for a sale, which was accordingly decreed in March 1843.

On the 16th May 1844, the trustee of the court, to make the sale, reported; at or about the time, and at the place appointed, he attended and offered the premises by the acre, upon the terms prescribed by the decree: those present being first informed, that the lands were supposed to contain from four hundred and twenty, to four hundred and sixty acres, as ascertained since the advertisement, but would be surveyed, if required, at the joint expense of the seller and purchaser, and that they would not be struck off for less than the debt and interest, which was estimated at $3284.62. No bid being made for the land, as thus offered by the acre, the trustee, after dwelling some time, offered the lands in the gross, or one lot, whatever number of acres it might contain, and cried the same at the sum of $3284.62, which he was previously authorised to do; at which price, no higher offer being made, after full notice to all present, the lands were sold to *Francis Valdenar*, who has fully complied with the terms of sale; and on same day, gave notice of a motion, at July term, to ratify the sale duly entered, of which service was admitted by the com-

plainant, on the 18th May, and served on the defendant the 1st June 1844.

On the 2nd July 1844, the sale was finally ratified, the defendant, at the same time, objecting to the ratification :

1st. The property was sold for much less than its real value, and less than the purchaser would have given for it, if he had been opposed, he making the only bid, covering the amount of the plaintiff's claim, and costs.

2nd. The property was not sold according to the terms of the advertisement.

3rd. The property was sold in a body, when it was susceptible of division, thereby excluding purchasers and competition, which would have enhanced the amount which could have been obtained for it.

These objections were overruled.

On the 6th March 1845, the reported purchaser prayed the court to substitute *Benjamin F. Middleton* as a purchaser in his place, which was ordered, and the trustee directed to convey on payment of the purchase money.

The defendant appealed to this court from the final order of ratification.

The cause was argued before ARCHER, C. J., SPENCE, MAGRUDER and MARTIN, J.

*By* BOYLE *for the appellant, who insisted :*

FIRST. That under the act of 1840, ch. 109, sec. 2, which enacts, that any sale made and reported during the recess of the court, by any trustee appointed by any county court, as a court of equity, on being filed in the clerk's office, shall stand for final ratification, without the necessity of procuring a *nisi* order thereon; provided there shall be entered on the docket a notice of motion for final ratification, to be given or published in such form as the rules of said courts respectively may prescribe. There was not entered on the docket such a notice of motion for final ratification of the trustee's sale, as that act of Assembly requires :

1st. Because such notice should be specific as to the term, and day of the term, when such motion is to be made, that the parties interested may not be taken by surprise.

SECOND. There was not such a service of the notice of the intended motion for final ratification, as is required by the practice of courts of chancery, because the service must be made, by serving the party with a copy of the notice, personally, or by leaving it at his dwelling house or usual place of abode.

THIRD. There was no evidence to the court, that the service was made according to the practice of courts of chancery :

1st. Because such service must be proved by the affidavit of the person serving it.

2nd. The manner of service should appear in the body of the affidavit, that the court may be enabled to judge if the service be correct.

3rd. The affidavit should be particular in setting forth the manner of service; and, if personal, that a true copy of the notice was read to him, or by delivery to him; and, if the service be not personal, that a true copy was left at his dwelling house or usual place of abode; and should also set forth, by whom it was made, with what person it was left, and when, and where, and every other circumstance of service.

4th. Because the penalty in the bond executed by the trustee, was for a lesser sum than the decree required, being $5000, instead of $6000.

5th. That the act of 1840, ch. 109, sec. 2, is a departure from the former mode of confirming trustee's sales, and therefore should be construed with great strictness; because, if not construed with much caution and strictness, a want of order and diversity of practice will be introduced into each judicial district, instead of the uniform system which has hitherto prevailed.

6th. Because a decree of a chancery court cannot be changed, without a written order to that effect, in the nature of a new decree.

7th. Because an order for a decree cannot be reversed, altered or explained, except by a re-hearing, and if signed and enrolled by a bill of review.

By R. J. Bowie and Alexander, who relied upon the following rule of *Montgomery* county court:

March term, 1843.—Ordered, that the notice of motion for final ratification of trustee's sale, made under the second section of the act of 1840, ch. 109, shall, at least one month before the passage of the final ratification, be served upon all the parties interested therein, or published for three successive weeks in such newspaper or newspapers as the clerk of the county shall prescribe, agreeably to the provisions of the act of Assembly in such case made and provided.

And then contended:

1st. There was no error in the judgment of the court below, in overruling the motion to strike out the order of final ratification, there being no foundation laid to warrant the court in thus setting aside its own proceedings.

2nd. That the sale made by the trustee, was made in strict conformity to the terms of the decree.

3rd. That the property was sold for a full equivalent, and there was no such inadequacy of price, as would justify the court in setting aside the sale on that ground.

Martin, J., delivered the opinion of this court.

This case comes before us, by an appeal from an order of *Montgomery* county court, as a court of equity, pronounced on the 2nd of July 1844; finally ratifying and confirming a report of sales, which had been made by a trustee of the court.

The order directs, that the sales within reported be ratified and confirmed, no cause to the contrary thereof, having been shewn; although notice appears to have been given, as directed by the rule of that court, in pursuance of the act of Assembly, 1840, chap. 109.

The act of Assembly, to which the court refer in their order, provides:

" 'That any sale made and reported during the recess of the court, by any trustee, under the decree of any county court, as a court of equity, on being filed in the clerk's office, shall stand for final ratification, without the necessity of procuring a *nisi* order thereon; provided there shall be entered on the docket a

43   v.4

notice of motion for final ratification thereof, to be given or published in such form as the rules of said courts respectively prescribe."

The rule prescribed by the court, in pursuance of this act of Assembly, is as follows:

" Ordered, that the notice of motion for final ratification of trustee's sale, made under the second section of the act of 1840, chap. 109, shall, at least one month before the passage of the final ratification, be served upon all the parties interested therein, or published for three successive weeks in such newspaper or newspapers as the clerk of the county shall prescribe, agreeably to the provisions of the act of Assembly."

It appears from the record, that the complainant, on the 16th of May 1844, entered on the docket, notice, that he would move for a final ratification of the sale, at the ensuing July term of the court. Service of this notice was admitted by the appellee, on the 18th of May 1844, and is proved to have been served on the appellant, on the 1st of June 1844, by the return of the deputy sheriff. As therefore more than one month elapsed between the period of the notice and the order of ratification, the rule of the court was strictly complied with, and no just exception can, on this ground, be taken to the order of ratication.

The decree of the county court, of the 13th of May 1843, by which the lands mentioned in the bill were ordered to be sold, provides, that the trustee shall execute a bond in the penalty of six thousand dollars.

A bond was executed by the trustee, in a penalty of five thousand dollars. This bond was accepted by the court; and the report of sales by the trustee, in which he states, that *Henry Valdenar* had become the purchaser of the property, and had complied with the terms of sale, was, as we have seen, finally ratified on the 2nd of July 1844.

Under such circumstances, the counsel for the appellant has contended, that the order of ratification is to be set aside, and the sale vacated, on the ground, that the penalty in the bond executed by the trustee, although accepted by the court, was in a sum less than that specified in the decree.

In cases of this kind, the court is regarded as the vendor of the property, with whom the contract of sale is made, through the instrumentality of a trustee. As the agent of the court, by whom the sale is accomplished, the trustee is required to execute a bond for the faithful performance of the duty entrusted to him; but the penalty in which that bond is to be taken, rests in the discretion of the court, and may be enlarged or diminished, according to the circumstances of the case. It is a matter between the court and their trustee, intended for the protection of those interested in the distribution of the purchase money, and cannot, in any respect, affect the validity of the sale.

It is certainly an established principle, that a decree cannot be altered, after it has been enrolled, except by a bill of review, or by a petition in writing for a rehearing, if the term has not passed, and the decree is still under the control of the court. This rule, however, relates only to the decree, so far as it acts upon the subject of the bill, and has no application to that part of it, which is merely directory as to the mode in which it is to be enforced.

The order of ratification is, we think, free also from this objection, and it must be affirmed.

ORDER AFFIRMED.