## WILLIAM H. EVANS *v.* JOHN DAVIS STINCHCOMB ET UX.

[No. 24, January Term, 1942.]

*Decided April 8, 1942.*

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Louis M. Strauss,* with whom was *Eugene P. Childs* on the brief, for the appellant.

*Emanuel Klawans* for the appellees.

BOND, C. J., delivered the opinion of the Court.

In litigation between owners of two adjoining parcels of land on Gingerville Creek, South River, Anne Arundel County, the chancellor enjoined the owner of one, Evans, from planting oysters so close to the Stinchcomb shore line as to interfere with the Stinchcombs' use of it for bathing and boating. A later application for an attachment of Evans for violation of the injunction was rejected, and the chancellor made the injunction more definite for the future by prescribing the exact depth of water that the defendant might use. The defendant objects to the procedure by which the change was made, contending that an order vacating the original decree, on a petition or bill of review, was necessary to accomplish it, and that a hearing, which was not had, was necessary. This court finds no error, however.

Evans had, in the year 1928, obtained a lease for cultivating oysters on the bottom opposite the adjoining land, but had made no use of it, having merely anchored boats in the area. After Stinchcomb and wife had filed their bill in this case, applying for an injunction to restrain interference with their water rights, Evans made application for another lease of oyster bottoms covering those

in front of the Stinchcomb land. In the litigation the court, after full hearing, and personal inspection of the premises in company of counsel for both sides, passed a decree on July 2, 1940, in which each party was enjoined from interference with riparian rights of the other. Evans being enjoined specifically from interfering with the rights of bathing and boating from the Stinchcomb shore by mooring boats and planting oysters. Upon a petition of the Stinchcombs for elaboration of the injunction, it was on July 8, 1940, ordered that the decree stand open for further consideration, but on February 17, 1941, the court reaffirmed it upon condition that Evans withdraw his new application for additional leased bottoms in front of the adjoining shore, or assign all his right, title and interest in it to the Stinchcombs. On April 17, 1941, the Stinchcombs, averring that Evans had bedded oysters and shells along the entire length of their front within water not more than two feet ten inches deep, thus preventing wading and bathing, obtained an order *nisi* for the attachment of Evans for contempt of court in violating the court's previous order, and Evans answered. It was in this subsequent proceeding that the order appealed from was passed.

In an accompanying memorandum the court recited its efforts to settle the questions at issue, and the passage of the decree, "which was considered self-explanatory," and the consideration given by the court to the case, and announced that the parties being unwilling or unable to settle their dispute for themselves under the injunction as it had been worded, the duty was forced upon the court to impose more definite limits upon Evans. He was therefore restrained from planting oysters so close to the Stinchcomb shore as to violate the injunction previously ordered, "that is to say, from planting oysters or oyster shells at any point closer than five and one-half (5½) feet from the plaintiffs' shore line at medium low tide." And he was ordered to remove within thirty days any oysters or shells planted within the protected zone subsequent to the date of the original injunction. Evans' appeal followed.

The record in the case does not permit the court to say that there was no sufficient hearing on the proceedings for the attachment. It appears that a hearing was ordered, and witnesses on Evans' behalf were summoned; and from a memorandum opinion filed by the chancellor it appears that "the case was again considered by the court in the presence of counsel for both sides." The statements and allegations in the defendant's answer, which he wished to support by testimony, were accepted as true, but would seem to require only the more exact definition of the injunction. These recorded facts fail to show that the appellant was denied any proper hearing. If Evans' witnesses were not heard, there appears to have been no dispute of facts to be settled by hearing them.

The original decree granting the injunction was one for the conservation in the future of the rights ascertained, and an injunction issued under such a decree is, on an application for an attachment, necessarily open to some change to meet intervening circumstances. Exact compliance with the injunction in its previous form may have been rendered impossible or undesirable, and experience may have shown the need of clarification. An order making the injunction readily enforceable, if within the limits of the relief prayed in the bill and intended to be accomplished, is proper without new proceedings. *Emergency Hospital v. Stevens*, 146 Md. 159, 166, 126 A. 101; *Dawes v. Thomas*, 4 Gill 333, 339; Note 68 *A. L. R.* 1180. The decree here first left it to the parties to remove the interference complained of, but the effort at adjustment by that means failed. The chancellor found that for want of a more specific direction in the original injunction, an intentional violation could not be found, and that the court must itself specify what would constitute compliance. This it did, and it was within its power to do so without further proceedings.

*Order affirmed, with costs.*