WILLIAM G. PENN *vs.* N. BREWER, ADMINISTRATOR OF JOHN BREWER AND JAMES BOYLE.—*December* 1841.

A bill in the county court, seeking its interposition upon the same grounds previously decreed upon in the Court of Chancery, at the suit of the same complainant, without communicating the proceedings which had taken place in Chancery, is a contempt offered to the county court, and an abuse of its privileges, which merit, and might be visited with, severe reprehension.

A trustee appointed by the Court of Chancery, is an officer of that court, acting under its direction and authority; and so far as concerns matters of equitable jurisdiction, as to what he does, or ought to do, in discharge of his duties, is alone responsible to that court.

APPEAL from the equity side of *Montgomery* county court.

On the 11th February, 1829, the appellant filed his bill, upon which was an order directing an injunction and subpoena to issue in the usual manner, which was done accordingly; and returned by the sheriff, served and summoned. The defendants appeared and filed their answers. Some time in the year 1836, the bill and all the papers belonging to the cause

were lost.   On the 9th January, 1837, on motion of the com-
plainant, and by consent of the defendants, the court granted
permission to file a bill, exhibits, and injunction bond.   The
bill alleged that a judgment was rendered against the said
*William G. Penn* in *Montgomery* county court at November
term, 1822, in favor of *John Brewer;* that *John Brewer* had
been appointed a trustee to sell the real estate of *Charles Penn,*
*senior*, and made sales to the appellant, who paid to the said
*John Brewer*, and by his directions to the heirs of *Charles
Penn, senior,* large sums of money; that *John Brewer* died
in 1827; that *Nicholas Brewer* is his administrator; and that
*James Boyle* was the attorney of the plaintiff in the proceed-
ings to affect *Charles Penn, senior's* land; and that he had
paid said *Boyle* in full for his purchase.   The bill then alleged
that *fi. fa.* had been issued on the judgment against him, and
his property levied upon, and taken to satisfy the judgment
against him.   Prayer for an injunction, subpœna, and relief.

The answer of *Nicholas Brewer*, as administrator, alleged
that he did not know what payments had been made by the
appellant *Penn;* that after the death of his intestate, *James
Boyle*, esquire, was appointed trustee in his place; that he
knows nothing of any settlement between *Boyle* and *Penn.*

The answer of *James Boyle* denied that his predecessor ever
authorised the appellant to pay the heirs of *Charles Penn,
senior*, their proportions of his estate; that if he did so, he
exceeded his authority; that said sale of *Penn's* land was
under the decree of the Court of Chancery; that *John Brewer*
was appointed trustee by that court, who had to sue *William
G. Penn* for his purchase money, for which purpose this res-
pondent was the attorney of said trustee; that respondent is
the successor of the said *John Brewer* in the said trust; that
this defendant has not received the alleged payments from the
said *William G. Penn.*

This defendant further states, that on the 24th March, 1812,
a decree was passed by the Court of Chancery that the real
estates of *Charles Penn, senior*, and *Nathan Waters* should be
sold to raise the sum of, &c., which decree was affirmed upon

appeal; that the said *John Brewer* was appointed trustee; that the land was decreed to be sold as the land of *Nathan Waters*, and was so sold as his, because insufficient to pay the one-half of the said debt; and that the Chancellor on or about the 9th June, 1824, passed a decree that the trustee should *not* pay the representatives of *Charles Penn* any further sums of money, without the further order of the court, or to any other person claiming to represent them, or to allow any other credits on account of any receipts to the said representatives. The said trustee *John Brewer* on being compelled to sue said complainant, employed this defendant as his attorney, who brought suit against the complainant, and obtained a judgment as stated in the said bill of complaint. The answer then proceeded to set forth the various payments with their respective dates and amounts, made by the said complainant, as appeared by the report of the auditor of the Court of Chancery, dated 25th April, 1826, and which report has been confirmed. That afterwards, on the petition of *John Hoye*, &c., to wit, on the 28th February, 1828, it was ordered, &c., that the several receipts or assignments of the respective representatives of the late *Charles Penn, senior,* should be allowed in favor of the assignee, the complainant *W. G. P.* claiming under them, and that the trustee should apply the proceeds as directed by the order confirming the auditor's report, made on the 29th January, 1823; from which an appeal was had, and at June term, 1828, the said decree of the 28th February, 1825, was reversed and the cause remanded to Chancery. This defendant further states, that the said *John Brewer* is dead, and on the 4th August, 1828, this defendant was appointed trustee by the Court of Chancery, to carry the decree under which the said *John* was appointed trustee, into effect, and was such trustee at the time the injunction in this case was first granted and issued; that he never received any money from the complainant as trustee, and that the sum of $500 claimed by the complainant, has never been paid. This defendant further answering says, that on the 14th August, 1828, the complainant filed in the Court of Chancery his petition, setting forth the said

decree of the Court of Appeals, and praying that the defend-ant as trustee, should be restrained from proceeding against him until the matter of the said petition should be heard; that an account should be taken of the monies paid by him to the trustee, and to the representatives of *Charles Penn, senior,* and allowance made him for all such payments, which petition the Chancellor on the 26th January, 1829, after mature delib-eration dismissed, as to grant it would be in effect to reverse the decree of the Court of Appeals; that this complainant *Penn* not being satisfied with all those reversals, applied to the Honorable Court for relief, and carefully concealing the above facts, obtained an injunction. He therefore submits that the said *W. G. P.* is in contempt, &c.

With this answer exhibits of the judicial proceedings were filed by the respondent, and after various proceedings, the county court, (DORSEY, C. J., and WILKINSON, A. J.,) at November term, 1839, decreed as follows:

The complainant in this cause having in the first instance applied to the Court of Chancery for relief as to most of the matters of equity, which form the basis of his present applica-tion, and his bill or petition being there dismissed upon its merits, his filing a bill in this court, seeking its interposition upon the same grounds, without communicating the proceed-ings which had taken place in Chancery, is a contempt offered to this court, and an abuse of its privileges, which merit, and might be visited with severe reprehension. If the complain-ant felt himself aggrieved by the decision of the Chancellor, his remedy was by appeal to the appropriate tribunal, not by concealing what had been done, to seek the same relief which had been denied him in Chancery, at the hands of a court of co-ordinate jurisdiction. But there is another objection to the complainant's appeal to this court for relief, which meets the whole equity of his bill so far as jurisdiction is concerned. The defendant, whose acts are sought to be impeached, whose conduct is attempted to be controlled, is an officer of the Court of Chancery, acting under its direction and authority, and in that tribunal must be held responsible for what he does in the

discharge of his duties as far as concerns matters of equitable jurisdiction. For his official conduct he is there amenable. Whether he has acted according to its orders and rules prescribed for his governance; what disposition he has made, or should make of the funds confided to his charge, as to all equitable proceeding in relation thereto, must be determined primarily in the Chancery Court. To permit a court of equity of co-ordinate jurisdiction to interfere in such matters, would lead to a conflict of jurisdiction, productive of ruinous consequences. The complainant's bill must therefore be dismissed.

From this decree the complainant appealed, and his appeal was argued before ARCHER, CHAMBERS and SPENCE, Judges.

By A. C. MAGRUDER for the appellant, and
By BOYLE, D. A. G. for the appellee.

SPENCE, J., stated, that this court concurs in the decision of the county court, and in the reasons assigned by that tribunal for dismissing the bill.     DECREE AFFIRMED.