TRUEMAN C. SLINGLUFF vs. CHARLES H. STANLEY, Trustee, GEORGE W. PAGE and JAMES ANNA PAGE, his Wife, and FANNIE H. ZUG, Purchaser.

*Equity Practice—Sale of Real Estate for Partition—Sufficiency of the Allegations of the Bill to give Jurisdiction.*

A decree for the sale of real estate, for the purpose of partition among the parties entitled, cannot be reviewed and declared void for mere defects, errors or irregularities in the proceedings, though apparent upon their face, upon exceptions to the ratification of the sale. Such defects, errors or irregularities, if they exist, can only be reached and corrected by a direct appeal from the decree, or by bill of review for errors apparent.

A bill was filed, under section 99 of Article 16, of the Code, for the sale of the real estate described, for the purpose of partition among the parties entitled; it being alleged that such real estate was not susceptible of division in kind without loss and injury to the parties concerned. The bill alleged that J. S. was, in his life-time, seized and possessed of seven-fifteenths undivided parts of a tract of land of one hundred and twenty acres; and that, being so seized, entitled, or possessed of such undivided interest, he died intestate, leaving the complainant, J. A. P., his only child and heir-at-law, and also his widow, surviving him. It was also alleged that the other part of said tract of land, being eight-fifteenths thereof, was owned by the appellant. It was further alleged, that "if it be found, as your orators charge, that said real estate is not susceptible of division, and that no division can be made, except by greatly injuring and depreciating the value of said real estate, then they are entitled to a decree for sale for the purposes of partition." The bill prayed for a sale of the estate. HELD:

That there was enough alleged on the face of the bill to give the Court jurisdiction to decree the sale of the property.

It is the allegations of the bill that confer jurisdiction, and determine the power of the Court to decree the sale; and though the

proof may be defective, or the decree be passed without proof, that does not affect the question of the jurisdiction of the Court. Such defect may show error in the exercise of jurisdiction, but not the want of jurisdiction.

Courts have no power, under exceptions to a sale made under a decree, to review and decide upon the merits of the decree; for as between the parties to the suit the decree is conclusive of the subject-matter involved; and if the Court had jurisdiction to pass the decree, it must be executed, unless it be reversed by regular proceeding had for the purpose.

. APPEAL from the Circuit Court for Prince George's County, in Equity.

This appeal was taken from an order of the Court below, overruling and dismissing the exceptions to the sale, made by the trustee, and finally ratifying and confirming said sale. The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, IRVING, and BRYAN, J.

*Phil. H. Tuck,* and *Richard B. B. Chew,* for the appellant.

If it be conceded, for the sake of argument, that the allegations of the bill present a proper case for relief, within the requirements of Rule 12 of the "Equity Rules," the Court was without *jurisdiction* to pass the decree, because the complainants were bound to *prove* as well as allege a seisin in Mrs. Page of a portion of the lands. The proof fails to show any seisin in her; but, on the contrary, that James Sanford, under whom she claims, had conveyed all the interest he had in the land to Sophia Nicholson, under whom the appellant claims. *Warfield vs. Gambrill,* 1 *Gill & J.,* 503; *Howard vs. Carpenter,* 11 *Md.,* 259.

James Sanford had never been possessed of any part, of the land from the date of his conveyance to his sister

Sophia, in 1849. The Court had no jurisdiction to decree a sale of land for partition, of which the ancestor under whom Mrs. Page claimed, had had *no possession* for so many years, and which a true disclosure of the *records referred* to in the bill, but not exhibited, would have shown, had vested the whole title to the land in the appellant by a sale made by a trustee under a decree of a Court of equity, and not eight-fifteenths, as alleged in the bill. *Bolgiano vs. Cooke,* 19 *Md.,* 376, 393.

The fourth paragraph of the bill does not comply with the fourth rule of the Equity Rules. The records referred to as showing the appellant's interest in the property should have been indicated with definiteness and precision, and a copy of the deed from Hardisty, trustee, filed as an exhibit. *Bentley vs. Cowman,* 6 *G. & J.,* 152.

The bill, independently of the rule, is not in conformity with established principles of equity pleading, in not exhibiting a copy of Hardisty's deed, as trustee, to Slingluff. Having referred to a *record* as evidence of his title, the record should have been definitely named and produced. The failure to do so is not a *substantial* averment of his title, or of the facts upon which he was sought to be charged. *Bolgiano vs. Cooke, et al.,* 19 *Md.,* 392; *Timms and Wife vs. Shannon,* 19 *Md.,* 312; *Grove, Trustee vs. Rentch,* 26 *Md.,* 377; *Wesley vs. Thomas,* 6 *H. & J.,* 28; *Watkins vs. Stockett,* 6 *H. & J.,* 445.

The production of the deed would have shown in him a *prima facie* title, under a decree of the Court, to the *whole* land, and not, as alleged, only eight-fifteenths interest therein; and the Court would have refrained from passing a decree until the complainants had established their title at law. The title, though not denied, must be clearly established by the evidence. *Boone vs. Boone,* 3 *Md. Ch. Dec.,* 497; *Campbell vs. Lowe,* 9 *Md.,* 508; *Wilkin vs. Wilkin,* 1 *Johns. Ch. Rep.,* 111; *Wells vs. Beall,* 2 *Gill & J.,* 468.

*Charles H. Stanley*, for the appellees.

The only question open on exception to a sale under a decree, by parties to the decree, is the mode and manner of the sale; and the Court cannot, at this stage of the proceedings, decide upon the merits of a bill in equity. *Patapsco Guano Co. vs. Elder,* 53 *Md.*, 463.

There are two questions attempted to be raised by the exceptions: First, The title of the plaintiff. Second, His right to a decree. These questions cannot be raised in this collateral way by exceptions to a sale, after execution of the decree. No question could be raised, in case there be no appeal from the decree, as to the validity of the decree, except by bill of review, or by petition for discharge of the enrolment, and vacation of the decree *for fraud and surprise,* and showing affirmatively that the defendant had been guilty of no laches.

Not only does the record show no claim of fraud and surprise practiced by the plaintiffs, but it "affirmatively shows" an entire absence of fraud on the part of the plaintiffs, and the clearest laches on the part of the exceptant. *Rust vs. Lynch & Jackson,* 54 *Md.*, 636; *Oliver vs. Palmer & Hamilton,* 11 *G. & J.*, 393; *Vickers and Wife vs. Tracey,* 22 *Md.*, 196; *Dorsey's Lessee vs. Garey,* 30 *Md.*, 489.

If the Court had jurisdiction, all questions arising upon the merits are settled. As to a defendant to a decree after judgment by default, the question of jurisdiction is no longer open. *Cooper vs. Roche,* 36 *Md.*, 563; *Manton, et al. vs. Hoyt,* 43 *Md.*, 264.

This case is clearly one within the jurisdiction of a Court of equity—to decree sales of land for the purposes of partition; and "admitting the jurisdiction, a decree without proof, or upon insufficient proof, is one within the jurisdiction, and can only be the subject of an appeal or review."

A Court cannot examine into the merits of a decree collaterally, if the Court passing the decree had jurisdiction.

*Davis, et al. vs. Helbig,* 27 *Md.,* 457-466 ; *Hunter vs. Hatton,* 4 *Gill,* 122.

The bill upon its face shows the Court had jurisdiction, and, therefore, upon the face of the proceedings, the plaintiffs were entitled to a decree.

ALVEY, C. J., delivered the opinion of the Court.

The appellant in this case has adopted the novel method of exception to the ratification of the sale, in order to have the decree reviewed and declared void, for supposed defects in the proceedings upon which the decree is founded, or the want of jurisdiction in the Court to pass the decree. If it be apparent upon the face of the proceedings that there was an entire want of jurisdiction of the Court to decree the sale of the property, then, doubtless, the objection could be availed of in this mode. But clearly such mode of attacking the decree for mere defects, errors, or irregularities in the proceedings, though apparent upon their face, is wholly without precedent, and entirely unwarranted by any principle of equity pleading. Such defects, errors or irregularities, if they exist, could only be reached and corrected by a direct appeal from the decree, or by bill of review for errors apparent. *Tomlinson vs. McKaig,* 5 *Gill,* 256 ; *Bolgiano vs. Cooke,* 19 *Md.,* 375 ; *Gregory vs. Lenning,* 54 *Md.,* 51.

It is urged, however, as an objection to the sale under the decree, that the allegations of the bill, upon which the decree of sale was founded, are not sufficiently clear and definite to confer jurisdiction upon the Court to pass the decree for sale of the property. That there is no sufficient allegation of the seizin by James Sanford, under whom the complainants claim, of the land decreed to be sold, nor of the extent of his interest therein, at the time of his death. But in this we cannot agree.

The bill was filed, under section 99, of Article 16 of the Code, for sale of the real estate described, for the purpose

of partition among the parties entitled; it being alleged that such real estate was not susceptible of division in kind without loss and injury to the parties concerned. The bill alleged that James Sandford was, in his life-time, seized and possessed of seven-fifteenths undivided parts of a tract of land of one hundred and twenty acres; and that, being so seized, entitled, or possessed of such undivided interest, he died intestate, leaving the complainant, James Anna Page, his only child and heir-at-law, and also his widow, surviving him. It is also alleged that the other part of said tract of land, being eight-fifteenths thereof, was owned by the appellant. It is further alleged, that "if it be found, as your orators charge, that said real estate is not susceptible of division, and that no division can be made, except by greatly injuring and depreciating the value of said real estate, then they are entitled to a decree for sale for the purposes of partition;" and a sale is accordingly prayed of the estate.

These allegations clearly make a case for the exercise of the jurisdiction of the Court, under the section of the Code referred to. The test is, whether a demurrer would have been sustained, if interposed to the bill (*Tomlinson vs. McKaig, supra*); and that it would not, we think is clear. *Bolgiano vs. Cooke, supra.* The allegations bring the case within the reason, though they do not pursue the strict letter of the statute; and therefore there was enough alleged on the face of the bill to give the Court jurisdiction to decree the sale of the property.

It is further objected to the validity of the decree, and the sale thereunder, that there was no sufficient legal proof furnished, before the passage of the decree, of the actual seisin by Mrs. Page of that portion of the land alleged to have been owned by her father, in his life-time. But to this we cannot assent, as furnishing any ground for declaring the decree void. It is the allegations of the bill that confer jurisdiction, and determine the power of

the Court to decree the sale ; and though the proof may be defective, or the decree be passed without proof, that does not affect the question of the jurisdiction of the Court. Such defect may show error in the exercise of jurisdiction, but not the want of jurisdiction. *Tomlinson vs. McKaig, supra ; Bolgiano vs. Cooke, supra.* If the appellant had desired to avail himself of the objection to the supposed insufficiency of the proof to support the allegations of the bill, he should have paid heed to the summons of the Court, and appeared and interposed his defence. But instead of that he contemned the process of the Court, and allowed the bill to be taken *pro confesso* against him; and notwithstanding a considerable delay occurred before the final decree was passed, up to which time he could have appeared and answered, he wholly neglected to appear to the case, and never did appear until after the sale made and reported, when he appeared in the case for the first time, and then only to object to the sale. He is certainly in no position to object to the decree ; and his objection to the sale is not founded upon anything occurring subsequent to the decree. There is nothing alleged by him to impeach the terms of the sale, or the manner of making it; and the purchaser makes no objection, but is anxious to take the property as sold and reported by the trustee. The case falls directly within the well settled principle, that Courts have no power, under exceptions to a sale made under a decree, to review and decide upon the merits of the decree ; for as between the parties to the suit the decree is conclusive of the subject-matter involved ; and if the Court had jurisdiction to pass the decree, that decree must be executed, unless it be reversed by regular proceeding had for the purpose. *Bolgiano vs. Cooke,* 19 *Md.,* 395; *Patapsco Guano Co. vs. Elder,* 53 *Md.,* 463.

Being of opinion that the Court below was clearly right in overruling the exceptions to the sale, and finally ratify-

ing the sale as reported, we affirm the order from which the appeal is taken.

> *Order affirmed, and*
> *cause remanded.*

(Decided 16th December, 1886.)