## The Farmers and Planters Bank vs. James Martin and William Travers, in the matter of the exceptions of William McClellan.

Chancery sales, unless expressly stipulated to the contrary by the terms of sale, are made subject to incumbrances on the property: the only thing sold is the interest and estate of the parties to the proceeding, and the doctrine of *caveat emptor* applies.

It is incumbent on the purchaser to show that the sale was made free from all or particular incumbrances, before he can be allowed for any such.

Where a *resale* is made, the trustee will be allowed his legal fee for filing the petition, and commissions on the amount of the proceeds of such resale, but *not* compensation in addition for the collection of the money.

Where a trustee proceeds *at law* to collect the money by suit upon the bonds or notes of the purchaser, he is not allowed double commissions, and should therefore be awarded counsel fees as compensation for his services.

Farmers and Planters Bank *vs.* Martin and Travers.

APPEAL from the Court of Chancery.

This appeal was taken to an order of the chancellor over-ruling certain exceptions to the auditor's report, and confirming the same. The facts of the case are fully stated in the opinion of this court, and in that of the chancellor, (JOHNSON,) reported in 3 *Md. Ch. Dec.*, 224.

The cause was argued before LE GRAND, C. J., ECCLESTON and MASON, J.

*Charles F. Mayer* for the appellants, argued:

1st. That the ground-rent in arrear at a chancery sale is payable out of the proceeds of sale. 2 *Binney*, 146, *Bantleon vs. Smith*, and there is no testimony here to except this case from the general rule, even if the parol testimony were admissible. But we say the parol testimony is inadmissible against the terms of the advertisement, and in the silence of the trustee's report, as to any such additional terms of sale as this liability, operating to increase the price to the purchaser. 4 *G. & J.*, 507, *Brown vs. Wallace, et al.* 3 *Do.*, 187, *Richardson vs. Jones.* 2 *Gill*, 384, *Tyson vs. Mickle, et al.*

2nd. That against the purchaser the allowance of five *per cent.* commission, or any counsel fee in addition to his commissions as trustee, was *illegal*, and the appellant cannot be made to pay it. 6 *Gill*, 462, *Williams vs. Mosher.* 6 *Paige*, 215, *In the matter of the Bank of Niagara.* 4 *Md. Ch. Dec.*, 347, *Laroque vs. Candolle.*

*Grafton L. Dulany* for the appellees, argued.

1st. That at a chancery sale the risk of the title and all incumbrances is taken upon himself by the purchaser, and that, however this may be as a general rule, there was in this instance a distinct and express understanding, that in this instance he should do so.

2nd. That a trustee who performs the duties of a solicitor or attorney, in recovering the purchase money from a defaulting purchaser upon a sale made by himself, is, according to the invariable and long continued practice of the court of chancery,

entitled to a per centage of five per cent. on the amount so recovered, and that this practice rests upon the ordinary principles that he who renders service is entitled to a fair and equitable compensation.  3 *Bland, 528, Post vs. Mackall.*

Le Grand, C. J., delivered the opinion of this court.

The questions which we are called upon to decide on this appeal, arise out of exceptions filed by the complainant and by Mr. William W. McClellan, to the auditor's report and account B.   It appears from the proceedings that the exceptant, McClellan, became the purchaser at a sale ordered by the court of chancery, and that this sale was duly reported by the trustee and ratified by the chancellor.   The amount of the sale was $1450.   The purchaser failing to comply with the terms of sale, proceedings were instituted for a resale under the act of Assembly of 1841, chapter 216, and a resale was directed at the risk of the first purchaser, the exceptant McClellan. The property was resold for the sum of $1625.   In the statement of the account B, of the proceeds, the auditor allowed to the exceptant the sum of $161.25, which he claimed on the ground that when he made his purchase it was an incumbrance on the lot in form of rent due, and that inasmuch as he was compelled to pay it to the landlord, he ought to be allowed the amount as a credit on his purchase.   Although in some instances trustees, in effecting sales under decrees, do so free from the incumbrance of taxes and ground-rent—making the latter payable out of the proceeds—yet in the case now before us we agree with the chancellor, that the purchaser made his purchase on the express understanding that he was to pay the taxes and ground-rent due on the premises, of which he had full and due notice.   The testimony of the trustee is positive as to the notification to this effect, given to the company assembled at the place of sale, and especially to the agent of the purchaser, who made the purchase for him.   This is substantially admitted by the agent.   Under these circumstances it would be unjust to allow him the amount of the ground-rent. It is but fair to presume the property, being sold subject to this incumbrance, that it sold for a sum less that amount.   But,

independently of this consideration, chancery sales like the one in this case, unless it be expressly stipulated to the contrary by the terms of sale, are made subject to the incumbrances which are on the property. The only thing sold, is the interest and estate of the parties to the proceeding ; the doctrine of *caveat emptor* applying. *Brown vs. Wallace,* 4 *Gill & John.,* 479. This being so, it is incumbent on the purchaser to show his purchase was made free from all or particular incumbrances, before he can be allowed for any such.

We dissent, however, from the opinion of the chancellor, so far as it relates to the allowance of five per cent. to the trustee, in addition to his commissions on the second sale. The case to which he refers, that of *Post vs. Mackall,* 3 *Bland,* does not sustain the view taken by him. We have had access to the original papers in the register's office, and find that the allowance of five per cent. in that case was for attorney's fees in the prosecution of claims *at law.* When a *resale* is had, the trustee is allowed his legal fee for filing the petition, and commissions on the amount of the proceeds of sale, and this, in our judgment, is a sufficient allowance to be made out of the purchase money. There is no reason why the trustee should be allowed more on a resale than on the original. There is, however, a reason for the allowance of counsel fees where the original purchase money is sought to be recovered by suits at law, for, in this latter case, the trustee receives nothing in the form of commissions, except on the amount of the original purchase. When a party fails to comply with his contract of purchase, he may be coerced in three different modes: 1st, by attachment; 2nd, by suits at law on his notes or bonds; and 3rd, by a resale. *Richardson vs. Jones,* 3 *G. & J.,* 163. *Anderson vs. Foulke,* 2 *H. & G.,* 346, *Act of* 1841, *chapter* 216. When the latter is resorted to, he is allowed his legal fee and commissions on the proceeds of the second sale; but where he proceeds at law, he is not allowed double commissions, and, therefore, it is but proper he should be awarded an attorney's fee, as a compensation for his services. Entertaining these views, we affirm in part, and reverse in part, the order of the chancellor.

*Order affirmed in part, and reversed in part.*