(Decided 28th July, 1880.)

JOHN BOWEN *vs.* WILLIAM THOMAS GENT, by his Guardian, WILLIAM GENT, Junior.

*Case of Injunction to restrain proceedings at Law, refused because no Defence was shown which could not be availed of in the action at law—Laches—The devisee of the first Estate of inheritance where the interests of all the other parties are adverse to his, is a necessary party to a Creditors' bill for the sale of the real Estate of a deceased debtor—Parties—Doctrine of representation.*

On a creditors' bill filed by the creditors of a testator, certain real estate was sold to B. The property thus sold had been devised by

the testator to one for life and at her death, to the youngest son of each of two brothers of the testator, who might be living at the death of said devisee for life, as tenants in common in fee. G. who was the youngest son of one of said brothers was not made a party to the creditors' bill, and after the death of the tenant for life he sued B. in ejectment for one-half of said land. On a bill filed against G. by B. to restrain the proceedings in ejectment, on the ground that through mistake G. had not been made a party to the creditors' bill, and his existence was not known to B. at the time of the sale, and that although not a party, the property was liable for the debts of the deceased, in preference to the rights of the devisee, and that G. had his remedy over against the other devisees, for contribution, it was HELD :

That the bill did not show any defence to the suit which could not be availed of in the action at law; and did not present a case for relief by injunction.

It appeared that B. had filed exceptions to the sale made to him, and among them were several which alleged irregularities in the chancery proceedings prior to the decree, among them the want of necessary and proper parties, and the failure to make necessary parties defendant. Those exceptions were submitted without any proof being offered, and when the decision thereon was rendered adverse to B., instead of appealing he acquiesced therein. HELD :

1st. That he could not be relieved of the consequences of his laches by the present proceeding.

2nd. That G. had a substantial interest in the property sold, in order to affect which, or to bind him by the decree, it was necessary that process should be served upon him. Without this the Court had not jurisdiction over him, and could not pass a decree affecting his rights.

3rd. That the heir has the same uncontrolled discretion in resisting the payment of claims against the realty, that the executor or administrator has in regard to the personalty, and the same right belongs to the devisee as to the heir in this respect.

4th. That the suits of creditors form no exception to the rule that requires all parties in interest who are *in esse* to be brought into the case.

5th. That G. and the youngest son of the other brother of the testator being vested with the first estate of inheritance in the property, and the latter, an infant, unable to defend his rights, and there

being no other party to the suit whose interests were not adverse to those of G., there could be no application of the doctrine of representation, which is always founded on the fact that the persons to be affected by the decree have a common interest with those before the Court, and the rights of absent persons will therefore be protected.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The bill of complaint in this case, filed by the appellant against the appellee, stated:

"That by virtue of a decree of this Court, passed on the 19th day of February, 1877, in a cause therein where Samuel Shaffer was complainant, and Alfred J. Gent and others were defendants, a sale was made at public auction, of a portion of the real estate of the late William C. Gent, deceased, for the purpose of paying the debts of the said deceased, his personal estate being insufficient; that at said sale your orator became the highest bidder and purchaser of the property so sold, consisting of a tract or parcel of land, lying and being in Baltimore County, called and known as 'Lyon's Den,' and devised by the said William C. Gent, deceased, to the youngest son of Alfred J. Gent and the youngest son of William Gent, from and after the decease of Mary Ann Wilderson; that in consequence of various irregularities in the proceedings in the said case, your orator declined to comply with the terms of the said sale, and applied to the Court to be relieved from the said purchase for said reasons; that one of the reasons assigned was, that there was no proof that the defendants in the case were the heirs, devisees and representatives of the deceased; that he made diligent inquiry whether the defendants in said case were the heirs, devisees and representatives of the deceased, and the only ones—and especially as to the youngest sons of Alfred J. Gent and William Gent, his attention having been called particularly to this point by his counsel, to whom he applied

to investigate the title, before complying with the terms of sale; that according to the best information he could get, all the heirs, devisees and representatives of the said William Gent, deceased, were named, and especially the youngest son of Alfred J. Gent and the youngest son of William Gent; that upon this state of the facts, his exceptions were made, and upon the same was the decision of this Court based; that the Court overruled the exceptions and ratified the sale; that your orator then complied with the terms of sale, paid the purchase money, received a deed and entered into possession of the property, and is now in possession of the same; all of which will more fully appear from the proceedings in the said case; that it now turns out that William Gent had another son, whose name is not mentioned amongst the defendants, and that such other son is his youngest; that such youngest son, William T. Gent, whose name was omitted by mistake as aforesaid, has brought an action of ejectment to recover one moiety of the said property so sold for the debts of the said ancestor, William Gent, deceased, and so purchased by your orator, on the ground that not being a party to the proceedings in said case, he is not affected by it.

" That your orator is advised, however, that the property was sold for the payment of the debts of the deceased, William C. Gent; that all the interest, right, title and claim, of which the said deceased was seized and possessed at the time of his death, was taken charge of by the Court, and was decreed to be sold, and was sold by the trustees appointed by the Court, to pay the debts of the said deceased, and by such decree and sale, such interest, right, title and claim passed to the purchaser, upon his compliance with the terms of sale and the ratification of the Court.

" Your orator has complied with the terms of sale, by the payment of the purchase money, which has been duly

paid to the creditors of the deceased, who, by the Code of Maryland, had the right to have it sold to pay their debts; that the balance has been divided between the youngest son of Alfred J. Gent, and the youngest son of William Gent; that the youngest son of Alfred has received his moiety, but that the youngest son of William refuses to accept his portion, preferring to take the chances of the action of ejectment to recover one undivided moiety of the property discharged from the debts of the ancestor.

"Your orator is also advised, that although he cannot resist the action at law in a Court of law, that he has a remedy in this Court, as a Court of equity, inasmuch as the property was sold by this Court to pay the debts of the deceased, (for which it was liable, in preference to the right of the devisee under the will of the deceased,) notwithstanding the error or omission to make him a party; that the said youngest son of William Gent has the same right to the one moiety of the surplus, after payment of the debts of the deceased, and his remedy against the other devisees of the deceased for contribution, to the extent that his devise has been subjected to the payment of the creditors of the decease, beyond its legitimate liability, and he cannot be injured." The bill prayed:

"That the said William T. Gent may by injunction be restrained from further proceeding upon and under the said action of ejectment, until the further order of this Court, and that your orator may have such other and further relief in the premises as the nature of the case and equity may require."

The case in other respects is stated in the opinion of the Court.

The cause was submitted on briefs to BARTOL, C. J., BRENT, MILLER, ROBINSON, and IRVING, J.

*D. C. H. Emory,* for the appellant.

The sale was made under a creditors' bill, and the decree was for the sale of the property to pay the testator's debts, and not for the purposes of the parties to the case, or because it was for their advantage that a sale should be made, and in a *creditors' bill proceeding,* the decree orders the sale of the interest of which the testator died seized and possessed, and not of the interest of the parties to the case.

As a general rule, in equity, it is true, that all persons having an interest should be made parties, either complainants or defendants, and this holds equally true in regard to creditors' bills. But there are exceptions to this general rule. The devise of William C. Gent, was to the youngest son of Alfred, and the youngest son of William, who should be living at the death of Mary Ann Wilderson. When the bill was filed, it was impossible to know who would be the youngest son of Alfred and William at her death, (she being then living.) They were not then in *esse* as such, and could not in such case be made parties as the youngest sons. In cases, however, of *partition,* simply, or where the object of the suit (as in this case) is to collect debts or enforce a lien upon lands, the life-tenant is a sufficient party to represent the estate. *Downin vs. Sprecher,* 35 *Md.,* 474; *Story's Equity Pleadings, secs.* 144, 145, 146; *Story's Eq. Jurisprudence, sec.* 656; *Gifford vs. Hort,* 1 *Sch. & Lefr.,* 407.

The defendant, in his answer, denies that there was an insufficiency of personal estate in the hands of the executor, and that therefore there was no jurisdiction in the Court to pass the decree.

But a decree of a Court of equity upon a creditors' bill, finally and conclusively establishes the claim of the complainant creditor, and the insufficiency of the personal estate to pay the same, &c. *Hinkley's Test. Law,* 999; *Williamson vs. Wilson,* 1 *Bland,* 418; *Hammond vs. Ham-*

Bowen vs. Gent.

*mond,* 2 *Bland,* 306; *Griffith vs. Reigart,* 6 *Gill,* 445; *Kent vs. Waters,* 18 *Md.,* 72.

Sales made and ratified by the Court, when coming collaterally in question, should be upheld by every legal intendment. Errors or irregularities are for correction by direct proceedings, or in the Appellate Court. *Cockey vs. Cole,* 28 *Md.,* 276.

The case of *Brawner and Wife vs. Franklin,* 4 *Gill,* 472, shows, that equity can be invoked to restrain an eject-ment upon a proper case, that is to say, in a case where equitable circumstances exist to justify it. There are in the case at bar, equitable circumstances requiring the interference of the Court as a Court of equity. The title of the purchaser so far as one undivided moiety is con-cerned, may not be a legal title, and the defence is not clear, adequate and complete at law, and the ejectment may not be certainly defended at law. The decree, sale and ratification passed an equitable title only. (*Massey vs. Massey,* 4 *H. & J.,* 143.) And if, as it is said, the deed only conveys in its terms the interest of the parties to the suit, it is manifest that it comes short of the trans-fer of the legal title, and leaves to that extent an equita-ble interest in the purchaser, that is to say, one moiety. For the decree, advertisement and report of sale, all show a fee simple to have been sold. His title being an equitable title, the purchaser is entitled to be protected in equity.

*S. Parker Bosley* and *John I. Yellott,* for the appellee.

The bill in this case does not show any defence to the suit, which could not be availed of at law. In order to establish title in himself at the trial of the ejectment case, it would be necessary for the defendant to put in evidence the record of proceedings in the equity cause of *Shaffer vs. Gent, et al.,* and the question arising thereon, as to the effect of Wm. Thomas Gent not being a party to the pro-

ceeding, could be as effectively and fully disposed of in the Court of law, as in equity. The bill does not make a case for equitable interference by injunctive aid. *Kerr on Injunctions*, 26 *and* 103; *High on Injunctions, secs.* 52, 63 *and* 324; *Polk vs. Pendleton*, 31 *Md.*, 124; *Sisk vs. Garey*, 21 *Md.*, 418.

If in order to avail himself of all the defences which the appellant had to the action of ejectment, a resort to a. Court of equity became necessary, it is clear that such resort became necessary by reason of the neglect and default of himself, in failing to establish the exceptions filed by him to the ratification of the sale. He was notified by the father of the appellee, in the spirit of friendship, that trouble would be made about the title in the interest of the appellee in this Court, on the death of Mrs. Wilderson. The exceptions filed embraced the point of failure to make necessary parties to the Shaffer suit. Yet, the objections were submitted to the Court without taking any evidence to support them. The decision was adverse and no appeal was taken. If the appellant thus suffered by his neglect, he cannot enlist the aid of equity to stay the proceeding at law. The doctrine of *caveat emptor* applies to the sale made. *Little vs. Price*, 4 *Md. Ch. Dec.,* 182; *Farmers & Planters' Bank vs. Martin, et al.,* 7 *Md.,* 342; *Bolgiano vs. Cooke*, 19 *Md.*, 375.

The most material point involved in this appeal, is the effect of the decree passed in the *Shaffer vs. Gent* equity case, upon the rights of the appellee in this Court, it being admitted that he had a substantial interest in the property therein decreed to be sold, and no party to the proceedings. It is a well established principle of general application, that decrees and judgments are only binding on parties to the proceedings on which they are founded, and those claiming under them. (4 *Gill*, 115.) It is fully as well established, that the clause in decrees that the trustees shall sell and convey property, free from the

claim of parties to the suit and those claiming under them, does not affect the interests of one not a party to the proceeding. (*Walter and Wife vs. Riehl*, 38 *Md.*, 219.) A controlling principle in the administration of justice in Courts of law and equity is, that in order to give valid judgment, the Court must have jurisdiction, both of the cause and person, and the person must have opportunity given him to defend his rights involved.

In this cause, the person whose rights were directly involved, is admitted to have lived within the jurisdiction of the Court. The law has made plain provision for service of process upon him; this process did not go out, and his existence was entirely ignored by the Court which undertook to pass a final decree, most seriously affecting his property interests. Such decree is a nullity as to him, unless it can be sustained upon some exception to the general rule that requires notice to be given to the party, as the means of obtaining jurisdiction over him by the Court.

There is no such exception to the general rule. That relied upon in the bill of complaint is, that the proceeding instituted by *Shaffer vs. Gent, et al.,* being one in which the property of William C. Gent was sought to be subjected to the payment of his creditors' claims, there was no necessity for making the devisees under the will parties, this party in interest being represented in the cause. There is no rule, or rather no exception to the rule, which dispenses with the presence of parties before the Court, except it be from necessity or a representation of interest, through some one to the record. *Story's Equity Pleadings*, secs. 72 to 180, especially *secs.* 72, 73, 75, 76 *a*, 77, 96, and *notes* 137 to 148.

It is admitted, on the part of the appellee, that had the suit brought by Shaffer sought to affect the personal estate of the testator, the legatees and devisees would not have been necessary parties, as their interests would have

been represented in such proceeding by the executor. But whatever the rule may be in communities where the real estate of deceased persons is by statute made personal assets for the payment of his debts, in the State of Maryland, where there is no such statute, the devisee who represents the inheritance must be made a party to any proceeding which seeks to subject his particular property to the payment of the testator's debts. In this case a large amount of property was devised to the residuary devisee, charged with the payment of the testator's debts, while the property decreed to be sold was a specific devise to the appellee, who was the only party in being who represented the inheritance. Under such circumstances, his interest could not be decreed to be sold in a suit to which he was no party. *Story's Equity Pleadings, secs.* 144, 145, 147, 161, 162, 163, 172, 176, 177, 180; *Downin vs. Sprecher*, 35 *Md.*, 474.

In Maryland, the personal estate is the primary fund out of which debts of the deceased man are to be paid, and real estate can only be resorted to in the event of a deficiency in the personalty; the heir and the devisee are necessary parties wherever such is the law, and the language of our statute on this subject, (Code, Art. 16, sec. 126,) leaves no room for doubt that the law-makers, in adopting it, contemplated making the heir or the devisee a party to the proceeding—seeking to subject real estate to the payment of debts—it goes to the extent of providing that if there be no heirs, the State's Attorney shall appear to the bill. The necessity for making the heir and the devisee parties to such proceedings, seems never to have been questioned in this State, while in and out of it the necessity has been declared. *Story's Equity Pleadings, sections above cited,* and *sec.* 207; *Hammond vs. Hammond*, 2 *Bland*, 307, 347, 348; *Watkins vs. Worthington*, 2 *Bland*, 520; *Worthington vs. Lee*, 2 *Bland*, 680–4; *Downin, et al. vs. Sprecher*, 35 *Md.*, 474; *Armstrong vs. Lear*, 8 *Peters, S. C.*, 52.

Bowen *vs.* Gent.

The case of *Downin vs. Sprecher* was relied upon in the argument of the case below as authority for the position taken, that there was a sufficient representation of the interest of the appellee, although not made a party. The language of Judge MILLER, in delivering the opinion of the Court, page 481, was cited as meaning that creditors' suits were exceptions to the rule requiring all parties in interest *and in esse* to be brought into the case. The language will not bear any such construction. There was no representation for the appellee in the Shaffer case. He and the youngest son of A. J. Gent, was entitled to and was vested with the first estate of inheritance. Alfred J. Gent, executor and life tenant, was desirous to have the debts of the estate paid; his youngest son, an infant, without means to employ counsel, entirely unable to care for his own interests, and all the other parties to the suit, were creditors or devisees. There was no party to the suit whose interests were not adverse to those of William Gent's youngest son. The principle of representation seems to be founded upon the fact, that persons to be affected by the decree have a common interest with those before the Court, and the rights of absent persons will therefore be protected. *Story's Equity Pleadings, secs.* 126, 140, 144, 146, 147.

It is clear that a representation for this appellee could not, upon any principle, have been worked out through any of the parties in Court.

Not being a party to the suit, he could not appeal, and no one in the cause had any interest in an appeal, except an infant about three years old, whose father was a bankrupt, and whose interests were adverse to those of the two infants. The decree was passed by consent of parties to the suit, and the Lyon's Den property, specifically devised, was selected to pay the alleged debts of the testator, while that portion of the property charged with the payment of debts, and all other specifically devised prop-

erty, escaped the burden, and the sale of any real estate, without proof of insufficiency of personalty, afforded ample ground for an appeal. *Wyse, et al. vs. Smith & Buchanan,* 4 *G. & J.,* 295; *Stevens vs. Gregg,* 10 *G. & J.,* 143; *Chase vs. Lockerman,* 11 *G. & J.,* 185.

In creditors' proceedings under the Act of 1785, it has been repeatedly held that the executor or administrator is a necessary party to represent the personalty. He represents that exclusively, and has nothing to do with the realty. The heir and the devisee are the only parties who can represent the realty, and they have the same uncontrolled discretion in resisting the payment of claims advanced against their property, that the administrator or executor has in regard to the personalty. (*Collinson vs. Owens,* 6 *G. & J.,* 8.) Courts being desirous to avoid litigation and multiplicity of suits, it becomes necessary that all heirs and devisees in interest should be before the Court in order that full and final justice may be done in the one suit.

BARTOL, C. J., delivered the opinion of the Court.

In December 1870, William C. Gent, of Baltimore County, died, seized and possessed of a large real and personal estate, leaving a last will, by which, among other devises and bequests, he devised to the youngest son of *Alfred J. Gent,* and the youngest son of *William Gent,* who may be living at the time of the death of testator's daughter, Mary Ann Wilderson, as tenants in common in fee, a certain farm known as part of "*Lyon's Den.*" Alfred J. Gent was made residuary devisee and legatee, and executor of the will. Among the property which passed to him under the residuary clause, was the farm known as "*Lyon's Den,*" during the life of Mrs. Wilderson. She died in May 1878, leaving then surviving her *Charles Morris Gent,* youngest son of Alfred J., and *William Thomas Gent,* the appellee, youngest son of William

Gent, who were at that time infants of tender years, entitled as tenants in common in fee to the farm called "*Lyon's Den*," under the will, unless their estate had been divested by certain proceedings in chancery contained in the record.

It appears that during the life-time of Mrs. Wilderson, a creditors' bill was filed by Samuel Shaffer, a creditor of William C. Gent, the deceased testator, alleging that his personal estate was insufficient to pay his debts, and praying that a decree might be passed for the sale of his real estate, or as much thereof as might be necessary for the purpose of paying his debts.

The residuary devise to *Alfred J. Gent*, and the devise to him for life of a farm, mentioned in the last *item* of the will, and of all debts due the testator, were made upon condition, that Alfred J. should pay the legacies bequeathed by the will to be paid by him; and also all just debts due by the testator, and all his funeral charges and expenses.

It was alleged in the bill that Alfred J. had been adjudicated a bankrupt, by the District Court of the United States for the District of Maryland, that Moses Merryman and David G. McIntosh had been chosen as his assignees in bankruptcy, and all his estate, real and personal, of which he was possessed on the 21st day of April 1875, had been assigned to his said assignees, who were made parties defendant.

It appears from the proceedings that *William Thomas Gent*, the appellee, who was then living, was not made a party in the cause.

The administration accounts passed by the executor, and other proceedings in the Orphans' Court were filed in the case; and an agreement was filed, signed by the complainants' solicitor, and the solicitor representing certain of the defendants, " that the case be submitted for a decree with the understanding that no more land be

decreed to be sold than the "*Lyon's Den*' property." Whereupon a decree was passed on the 19th day of February, 1877, for the sale of the land described in the will as a part of "*Lyon's Den.*" And the same was sold by the trustees as directed by the decree, the appellant, John Bowen becoming the purchaser. Before the ratification of the sale, the appellant appeared in Court and excepted to the ratification of the sale, alleging that a good and valid title to the property could not be had under the sale, and assigning a number of objections to the regularity and sufficiency of the proceedings under which the decree was passed.

Upon the hearing of these exceptions, the Circuit Court overruled them and passed an order finally ratifying the sale. No appeal was taken from this order. The purchaser paid the whole purchase money, and a deed was made to him by the trustees conveying the land, according to the terms of the decree "free, clear and discharged from all claim of the parties to the cause, complainants and defendants and those claiming by, from, or under them, or either of them."

It appears that after the payment of costs, expenses, &c., and the claims of creditors, there remained of the proceeds of sale in the hands of the trustees, a balance of $1688.23, credited to the youngest sons of Alfred J. and William Gent, subject to a life estate of Mrs. Wilderson in the same, and upon her death, one-half thereof was paid to the guardian of *Charles Morris Gent*, the youngest son of *Alfred J. Gent.* But the appellee, by his next friend declined to receive any part of the same; and instituted an action of ejectment against the appellant, to recover a moiety of the land.

The appellant then filed his bill of complaint, praying for an injunction to restrain and prevent the appellee from prosecuting his said action of ejectment. An injunction was issued as prayed, and upon the hearing on bill,

answer and proofs, the injunction was dissolved and the bill was dismissed.

It appears from the supplementary agreement of the solicitors, filed since the cause was submitted in this Court, that the present appeal is from the order or decree of the Circuit Court passed on the 14th day of October 1879, dissolving the injunction, and dismissing the bill of complaint.

It seems to us very clear that there is no ground stated in the bill entitling the appellant to the equitable relief prayed. It does not show any defence to the suit, which cannot be availed of in the case at law. The question as to the operation and effect of the proceedings in the case of *Shaffer vs. Gent*, and of the decree therein passed and the sale to the appellant, in divesting the title of the appellee, if they can have such operation or effect, would necessarily arise in the ejectment suit, and can be properly decided therein.

The bill does not present a case for relief by injunction.

Among the exceptions filed by the appellant to the ratification of the sale, there were several which alleged irregularities in the chancery proceedings, prior to the decree, among them the want of necessary and proper parties, and the failure to make necessary parties defendant. Those exceptions were submitted without any proof being offered, and when the decision thereon was rendered adverse to the appellant, instead of appealing he acquiesced therein. He cannot be relieved of the consequences of his laches by the present proceeding.

The appellee had a substantial interest in the property sold under the decree. Under the will of William C. Gent he had a vested estate in fee in one moiety of the land, subject only to the estate for the life of Mrs. Wilderson, which was devised to Alfred J. Gent by the residuary clause.

What effect had the decree passed in *Shaffer vs. Gent*, upon the rights of the appellee? This is the material

question presented by the appeal. Decrees and judgments are binding only on parties to the proceedings and those claiming under them. *Hunter vs. Hatton, et al.,* 4 *Gill,* 115.

It is also well settled that the clause in decrees directing the trustee to sell and convey property free from the claim of parties to the suit, and those claiming under them, do not affect the interest of one who is not a party to the proceeding. *Walter & Wife vs. Riehl,* 38 *Md.,* 211; *Downin vs. Sprecher,* 35 *Md.,* 483. In this case the appellee was not a party to the chancery proceeding. In order to affect his interest, or bind him by the decree it was necessary that process should be served upon him; without this the Court had not jurisdiction over him, and could not pass a decree affecting his rights. " The heir has the same uncontrolled discretion in resisting the payment of claims against the realty, that the executor or administrator has in regard to the personalty." *Collinson vs. Owens,* 6 *G. & J.,* 4. And the same right belongs to the devisee as to the heir in this respect.

The suits of creditors form no exception to the rule that requires all parties in interest who are *in esse* to be brought into the case. Nor is there any ground for asserting that there was any representation of the appellee or of his title and estate in the chancery suit. He and the youngest son of Alfred J. Gent were vested with the first estate of inheritance. As correctly said in the appellee's brief, " Alfred, the executor and life tenant was desirous to have the debts of the estate paid, his youngest son, an infant, without means or ability to employ counsel, entirely unable to care for his own interests, and all the other parties to the suit were creditors or devisees. There was no party to the suit whose interests were not adverse to those of the appellee."

In such case the doctrine of representation does not apply, which is always founded on the fact that persons

Bowen *vs.* Gent.

to be affected by the decree have a common interest with those before the Court, and the rights of absent persons will therefore be protected. *Story's Eq. Pl., secs.* 126, 140, 144, 146, 147.

As was said in *Downin vs. Sprecher,* 35 *Md.,* 483, the sale under the decree passed only the title of the parties to the cause, and the purchaser took their interest only. To all such cases the doctrine of *caveat emptor* applies. 7 *Md.,* 342; 19 *Md.,* 391.

Without passing upon the other questions presented by the record, and argued by counsel in their briefs, we are of opinion for the reasons stated that the decree of the Circuit Court was correct; and the same will be affirmed.

*Decree affirmed.*

(Decided 28th July, 1880.)