CORRILLA C. SCARLETT ET AL. *vs*. THOS. H.
ROBINSON ET AL., TRUSTEES.

*Admissions in Equity Cause—Allegations of Bill for Partition
or Sale of Real Estate of Decedent Admitted—Validity of
Decree for Sale upon Admissions Without Testimony—.
Marketability of Title—Purchaser of Real
Estate of Decedent Protected from
Liability for His Debts.*

As a general rule, admissions of parties make it unnecessary to
prove the facts admitted; and when all of the parties to a
cause are competent to bind themselves, their admissions are
sufficient to establish the jurisdictional averments of the bill.

Code, Art. 16, sec. 129, authorizes Courts of Equity to decree
a partition of land owned in common upon the bill of any
concurrent owner, or, if it appear that the lands cannot be
divided without loss or injury to the parties interested, the
Court may decree a sale for the purpose of dividing the pro-
ceeds among them. The bill in this case alleged that certain
lands owned by a deceased intestate descended to the plain-
tiffs and defendants, his only heirs at law, and that a sale of
them was necessary for the purpose of partition. The de-
fendants, who, as well as the plaintiffs, were of full age, an-
swered, admitting the allegations of the bill, and a decree was
passed directing a sale. No testimony was taken in support
of the averments of the bill. Upon exception to the ratifica-
tion of the sale by the purchaser of part of the land, *held,* that
the allegations in the bill were sufficient to give the Court
jurisdiction, and that the absence of evidence to support these
allegations, which were admitted, does not affect the validity
of the decree, and that consequently the circumstance that no
testimony was taken to prove such admitted facts is no ground
for vacating the sale.

*Held,* further, that such absence of testimony does not affect the
marketability of the title to the land acquired by the pur-
chaser, since, in a case like this, the Court sells only the title

of the parties to the suit, and even if there had been testimony to show that the parties to the cause were the exclusive owners of the property, the decree would not have been binding upon persons not represented, who did in fact have interests in the property, and there is no allegation that any such interests in the property existed.

Upon exceptions to the ratification of the sale of the real estate of a decedent, it was objected that certain claims against his estate had been filed in the Orphans' Court and would constitute a lien on the real estate in case the personal property was insufficient to pay his debts. *Held,* that this exception is not a ground for vacating the sale, since the order of ratification provided that the entire proceeds should be held by the trustees subject to the future order of the Court, and until after distribution of the personal property of the deceased under the order of the Orphans' Court, and it is conceded in this Court that the time has now expired for creditors to file their claims; that due notice had been published, and that after the payment of all debts exhibited there remained in the hands of the administrator a large balance for distribution to the next of kin.

The point of time after which the heir or devisee may sell the land to a *bona fide* purchaser without incurring the risk of having the latter afterwards made liable for the payment of the ancestor's debts, is when the records of the Orphans' Court show a final settlement of the personal estate, indicating that all proved debts have been paid in full, and that there is still a balance in the hands of the executor or administrator.

*Decided January 12th, 1910.*

Appeal from the Circuit Court for Harford County (VAN BIBBER, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS, PATTISON and URNER, JJ.

*Thomas B. Marshall,* for the appellants.

*Thos. H. Robinson* and *Jos. Townsend England,* for the appellees.

URNER, J., delivered the opinion of the Court.

The questions for determination in this case arise upon exceptions by purchasers to the ratification of the sale of certain real estate of George G. Farnandis, late of Harford County, deceased, and the appeal is from the order of the Court below overruling the exceptions and ratifying the sale.

The proceedings for the sale were based upon Article 16, section 129 of the Code of Public General Laws conferring jurisdiction upon Courts of equity to decree the sale of land held by concurrent owners and not susceptible of division without loss or injury to the parties interested. In the bill of complaint it was alleged that Mr. Farnandis died intestate and unmarried seized of the real estate in question situated partly in Harford County and partly in Baltimore City and described by reference to the deeds under which he acquired title; that the property descended to the plaintiffs and defendants named in the bill, nieces and nephews of the decedent, as his only heirs at law; that they hold the title in the undivided proportions respectively inherited and particularly stated; that they are all adults and reside in Baltimore City; and that the property is not susceptible of partition among the parties according to their respective interests without loss and injury. There was a prayer for a decree authorizing a sale and division of the proceeds, and for general relief. Answers were filed by all the defendants admitting the allegations of the bill and consenting to the passage of a decree as prayed. After the filing of a general replication the cause was submitted by agreement of all the parties, and a decree was thereupon passed. It directed that the lands and premises mentioned in the proceedings be sold, appointed trustees to make the sale, and authorized them, after full compliance by the purchasers, to convey "the property and estate to him,

her or them sold, free, clear and discharged from all claims of the parties to this cause."

In pursuance of this decree the real estate in Baltimore City described in the bill, consisting of several ground rents, was sold by the trustees, and the sales were duly reported. The appellants were purchasers of some of the ground rents, and they excepted separately, but upon identical grounds, to the ratification of the sales.

The first and principal reason assigned in the exceptions was that no testimony had been taken in the cause, and that, therefore, there was nothing to show that the parties claiming to be such were in fact the heirs at law of the intestate and the only persons sustaining that relation. This objection leads to the inquiry whether the absence of evidence affects the validity of the decree when questioned upon exceptions to the ratification of the sale, and if not, whether the omission to take testimony to prove the title renders it unmarketable independently of any question as to the decree.

The statute under which the proceedings were conducted does not, in its present form, require expressly that evidence be adduced to sustain the allegations of the bill. It provides that the Court may decree a partition of any lands on the bill or petition of any concurrent owner, whether claiming by descent or purchase, *"or if it appear* that said lands cannot be divided without loss or injury to the parties entitled, the Court may decree a sale." Code, Art. 16, sec. 129.

In the Act of 1831, Chapter 311, sec. 1, which dealt with the same subject and which has been amended into the form of the existing statute, it was provided that "if upon the bill and answers and *evidence taken* in the cause, or upon return of a commission ordered by the Court for surveying and ascertaining the premises, it shall appear to the Court that a sale as aforesaid will be most equitable or beneficial for all concerned, said Court may decree a sale accordingly." * * *

The provision for evidence or a commission, as the alternative means of making it appear to the Court that a sale should be decreed, was eliminated from the statute when it was in-

corporated in the Code of 1860, and it has never since been restored.

It is a general rule that admissions obviate the necessity of proof; *Miller's Equity*, page 195; and this Court, in discussing proceedings under section 213 of Article 16 of the Code relating to the sale of property, under certain conditions of title, when it appears to be advantageous to the parties, has recognized the propriety of accepting the admissions of the parties, if all are competent to bind themselevs, as sufficient to establish the jurisdictional averments of the bill. *Snook* v. *Munday*, 90 Md. 702; *Mewshaw* v. *Mewshaw*, 2 Md. Ch. 13. But it is contended by the appellants that a sale ought not to be authorized by the Court upon the unsworn declarations of parties that they are the real and only owners of the property because of the opportunity for collusion which such a procedure would afford, and that a purchaser is entitled to the additional assurance furnished by the oaths of witnesses that the entire ownership is concluded by the decree. The question we have now to consider, however, is not whether formal proof would have given the purchasers greater confidence in the title, but whether the decree for the sale was validly passed. It it could be vacated at all at the instance of the purchasers, it would have to be upon the theory that the Court which passed it was without jurisdiction for that purpose.

It is well settled in this State that the only ground upon which an exceptant to the ratification of a sale can question the decree under which the sale was made is that it is void for want of jurisdiction. This rule was clearly stated by JUDGE McSHERRY in *Hamilton* v. *Traber*, 78 Md. 28, as follows: "If the Court had jurisdiction to pass the decree, any mere irregularity in the proceeding, or defect in the proof, could not be availed of to impeach the decree collaterally This has been repeatedly held by this Court. But if the Court was wholly without jurisdiction to decree the sale of the property in the proceedings then before it, the purchaser may successfully rely upon that want of jurisdiction to avoid

the sale, because the decree would, in such a case, be an absolute nullity."

It has also been held that the test of the Court's jurisdiction in such cases is whether a demurrer would lie to the bill. *Tomlinson* v. *McKaig,* 5 Gill, 256; *Johnson* v. *Hoover,* 75 Md. 486; *Hamilton* v. *Traber, supra; Slingluff* v. *Stanley,* 66 Md. 225.

In the case last cited CHIEF JUDGE ALVEY said: "It is the allegations of the bill that confer jurisdiction and determine the power of the Court to decree the sale; and though the proof may be defective, or the decree be passed without proof, that does not affect the question of the jurisdiction of the Court."

In *Newbold* v. *Schlens,* 66 Md. 590, where a purchaser excepted to the ratification of the sale upon the ground that there was no sufficient evidence produced to establish the fact that it would be advantageous to all parties concerned that the property should be sold or leased, and that, therefore, there was error in passing the decree which might subject it to review and reversal, on a bill of review, filed in the future by some of the infant defendants, this Court said: "But whether there be such evidence or not is quite immaterial on this appeal; for the priuciple is now too firmly settled to be questioned, that even if the decree could be revered for errors or irregularities, whether in respect to the evidence or otherwise, provided the Court had acquired jurisdiction to pass the decree, a purchaser in good faith under the decree, while it was subsisting and binding the parties thereto, will not be affected by such reversal. * * * He is bound, however, at his peril, to see that all proper parties to be bound were before the Court, and that he does not take a title, supposed to be covered by the decree, that may be impeached aliunde."

There can be no question in this case as to the jurisdictional sufficiency of the averments contained in the bill, and it appears that all the parties to the proceedings were regularly in Court. It follows, therefore, that the Court below

had jurisdiction both of the subject-matter and of the parties, and under the authorities cited it is clear that the decree for the sale of the property in question is valid and conclusive as against the objection raised by the appellants as purchasers.

The remaining inquiry upon the exception under consideration is whether the absence of proof as to the ownership of the title in a case like the present impairs its marketability and justifies a rescission of the sale on that ground.

The Court does not undertake to sell more than the title of the parties to the suit, and the doctrine of *caveat emptor* applies. *Sansbury* v. *Belt,* 53 Md. 332; *Bowen* v. *Gent,* 54 Md. 571; *Downin* v. *Sprecher,* 35 Md. 483. If there had been formal and ample testimony taken in the case to show that the parties before the Court were the actual and exclusive holders of the title, the decree would not have been binding upon persons who in fact held interests in the property and who were not represented in the proceedings. *Walter* v. *Riehl,* 38 Md. 220.

It is not incumbent upon the Court to affirmatively assure the purchaser of the validity of the title which it sells, but it is the duty of the purchaser to avail himself of the opportunity afforded under the order *nisi* to investigate the title and discover its defects if any such exist. As was said by the Chancellor in *Brown* v. *Wallace,* 2 Bl. 600: "The purchaser should ascertain for himself whether or not the title of these parties may not be impeached or superseded by some other and paramount title. For he has no right to call upon the Court to protect him from a title not in issue in the case and in no way affected by the decree." To the same effect is *Andrews* v. *Scotten,* 2 Bl. 646. This general rule is subject to the qualification that if while the fund is yet in Court, the purchaser is disturbed in his possession, or exposed to be so disturbed, by one having a clear title to the estate, which title was entirely unknown to the purchaser at the time of sale, the transaction may be rescinded. *Glenn* v. *Clapp,* 11 G. & J. 10. In *Handy* v. *Waxter,* 75 Md. 519, exceptions by a purchaser to the ratification of the sale were sustained be-

cause it affirmatively appeared that necessary parties to the proceeding had been omitted and that no clear or good marketable title could be conveyed by the trustees; and in *Heuisler* v. *Nickum,* 38 Md. 277, the purchaser secured a rescission of the sale upon the ground that there were prior encum-brances, not represented in the proceedings, which would affect the title.

In the present case there is nothing in the proceedings for the sale or in the exception we are now considering to indicate that there is any defect in the title decreed to be sold. If the purchasers could have alleged and shown in an affirma-tive way any condition having the effect of those existing in the cases we have cited, they might have invoked for their protection the rule there applied. In the absence of even a suggestion that there is in fact some interest not concluded by the decree, or some other defect in the title, we cannot, in view of the previous decisions of this Court, sustain this objection to the sale.

The cases cited by the appellants are not in conflict with the views we have stated. In *Chew* v. *Lowe,* 93 Md. 250, it appeared that in the execution of a power of sale in a mortgage "a good record title" to the property was offered and sold. The devolution of the title depended upon the assumption of the death of a previous owner whose absence for many years was shown by the evidence but whose death was not conclusively proved. In dealing with this situation the Court said: "Now, as has been seen, the title which the appellant agreed to purchase was 'a good record title,' and it was held that under the circumstances such a title could not be con-veyed."

The case of *Caldwell* v. *Boyer,* 8 G. & J. 136, cited by the appellants, was an appeal from a decree passed in a contested proceeding for the sale of real estate. No sale had been made and, therefore, no interests of purchasers were involved. The cases in other jurisdictions cited by the appellants do not in their facts or principles affect the controlling force of our decisions as applicable to the case here presented.

The remaining ground of objection to the sale is that at the time of the filing of the exceptions certain claims against the estate of George G. Farnandis had been filed in the Orphans' Court of Baltimore City and would constitute a lien on the real estate sold in these proceedings in the event that the personal estate is insufficient to liquidate the indebtedness of the estate, and that it was not possible at that time to ascertain the total indebtedness until the expiration of the notice to creditors then pending, and the filing of an account showing the payment of debts.

It has been held that the "point of time after which the heir or devisee may sell the land to a *bona fide* purchaser without the latter incurring the risk of having the real estate so purchased by him sold afterwards for the payment of the ancestor's or the testator's debts," is "when the records of the Orphans' Court, made in conformity with the law, show a final settlement of the personal estate, and when the settlement indicates that all proved debts and the costs of administration have been paid in full, and that there is still a balance in the hands of the executor or administrator." *Van Bibber* v. *Reese,* 71 Md. 608.

The order of the Court below ratifying the sales provided that the entire proceeds be held by the trustees subject to the future order of the Court until after the distribution of the personal estate of George G. Farnandis under the order of the Orphans' Court of Baltimore City, and it was conceded in the argument before this Court that the time has now expired for creditors to file their claims, that due notice has been published, that all legal formalities have been observed, and that after the payment of all debts and expenses of administration there remained in the hands of the administrator a large balance which has been duly distributed to the next of kin.

It thus appears that the title to the real estate purchased by the appellants is now secure against proceedings by creditors of the decedent, and we see no reason, therefore, to disturb the action of the Court below on that account; but as the

title may not have been completely, though it was substantially, protected by the order of ratification, we accede to the suggestion contained in the appellants' brief that equitably the costs of this appeal should be paid out of the proceeds of sale.

> *Order affirmed, the costs to be paid out of the fund.*